UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBIN TAYLOR,**

    **Plaintiff,**

v.                                             Case No: 8:23-cv-00694-MSS-AEP

**SUNTUITY SOLAR LIMITED
LIABILITY COMPANY,**

    **Defendants.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Suntuity Solar Limited Liability Company's Amended Motion to Dismiss, (Dkt. 32), Plaintiff's response in opposition thereto, (Dkt. 36), and Defendant's reply. (Dkt. 39) Upon consideration of all relevant filings, case law, and being otherwise fully advised, Defendant's Amended Motion to Dismiss is **DENIED**.

    **I.**    **BACKGROUND**

Plaintiff Robin Taylor initiated this action against Defendant Suntuity on March 28, 2023. (Dkt. 1) Plaintiff filed the Amended Complaint on June 21, 2023. (Dkt. 18) In the Amended Complaint, Plaintiff alleges the following facts. Plaintiff's phone number has been listed on the National Do Not Call List since January 9, 2009.[1]

---

[1] Consumers may register their phone numbers with the National Do Not Call List to indicate their desire not to receive solicitations at those numbers. 47 C.F.R. § 64.1200(c)(2). It is a violation of the TCPA for a person or entity to initiate a phone solicitation to a person who has registered her phone number on the National Do Not Call List. Id.

(Id. at ¶ 19) Plaintiff uses this phone number for personal purposes; it is not associated with a business. (Id. at ¶ 20–21) Plaintiff has never sought out or solicited information regarding Defendant's services. (Id. at ¶ 22) Defendant never obtained Plaintiff's express written consent to call Plaintiff. (Id. at ¶ 64) Nonetheless, Plaintiff received calls from Defendant on January 31, 2023, and February 8, 2023. (Id. at ¶ 24)

Plaintiff determined both calls were from Defendant because they both came from Caller ID (941) 213-5036 (the "Caller ID"). (Id. at ¶ 25) Both telemarketing calls followed the same script. (Id. at ¶ 33) During the calls, the telemarketer asked Plaintiff questions to determine whether she qualified for Defendant's solar services. (Id. at ¶ 34) For example, Plaintiff was asked whether she owned a home, what her credit score was, and where she lived. (Id. at ¶ 35) Both telemarketers initially provided Plaintiff with generic, fake names, such as "solar of America." (Id. at ¶ 36) The only real company identified during the calls was Defendant Suntuity Solar Limited Liability Company. (Id. at ¶ 37) The February 8 call resulted in Plaintiff's receipt of an email from a call center agent, Jessica Rocha, which confirmed Plaintiff spoke with a representative of Defendant during the call. (Id. at ¶ 38)

The calls were made using the Ytel dialer. (Id. at ¶ 26) The Ytel dialer is a predictive dialer that selects telephone numbers from a preloaded list, dials them, and then connects the receiver to a live call center employee only when the call is answered by a consumer. (Id. at ¶ 27–28) Plaintiff noticed a delay between the moment she answered the phone and the moment the call center employee began speaking during each of the calls she received from Defendant. (Id. at ¶ 30) Plaintiff attributes this delay

to the Ytel dialer connecting Plaintiff to a live call center employee only after she answered the phone and began speaking. (Id. ¶ 28–30)

On January 31, 2023, Plaintiff informed the caller she was not interested in receiving information about Defendant's services. (Id. at ¶ 31) Nevertheless, she received another call on February 8, 2023. (Id. at ¶ 32)

Other individuals have reported the Caller ID as a "robocaller." (Id. at ¶ 40) Plaintiff initiated this action on behalf of herself and the following three classes:

> Florida Telephone Solicitation Act Autodial Class: All persons in the U.S., who, (1) received a telephonic sales call made to or from Florida regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.
>
> Florida Telephone Solicitation Act Do Not Call Class: All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) to a number on Florida's no sales solicitation calls list (3) since July 1, 2021.
>
> Telephone Consumer Protection Act Do Not Call Registry Class: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

(Id. at ¶ 42) Plaintiff alleges the members of the classes are so numerous that their individual joinder is impracticable. (Id. at ¶ 45) Specifically, Plaintiff asserts, based on the technology Defendant used to call Plaintiff, Defendant makes calls "en masse," therefore, the members of the class number in the thousands. (Id. at ¶ 46) Plaintiff alleges the common legal and factual questions include whether Defendant has violated the Telephone Consumer Protection Act (the "TCPA") or the Florida

3

Telephone Solicitation Act (the "FTSA") and whether the class members are entitled to actual and/or statutory damages for the alleged violations. (Id. at ¶ 50) Plaintiff alleges her claims are typical of the claims of the class members because she and the other class members received unsolicited sales calls from Defendant without consent. (Id. at ¶ 51) Plaintiff alleges she is an adequate representative of the classes because her interests do not conflict with the interests of the class members, she has retained competent counsel, and she intends to prosecute this action vigorously. (Id. at ¶ 52) Finally, Plaintiff alleges the class action mechanism is superior to other available means for the fair and efficient adjudication of the class members' claims because many of the class members likely lack the ability or resources to undertake the burden and expense of individually prosecuting this action. (Id. at ¶ 54–55) In this case, individualized litigation will increase the delay and expense to all parties, as well as the burden on the judicial system. (Id. at ¶ 56) Additionally, individualized litigation presents the risk of inconsistent or contradictory judgments among the class members. (Id. at ¶ 57)

Based on these allegations, Plaintiff asserts three counts against Defendant: violation of the FTSA on behalf of Plaintiff and the FTSA Autodial Class Members; violation of the FTSA on behalf of Plaintiff and the FTSA National Do Not Call Registry Class; and violation of the TCPA on behalf of Plaintiff and the National Do Not Call Registry Class. Plaintiff seeks injunctive relief prohibiting Defendant from calling phone numbers listed on the National Do Not Call Registry to advertise their goods or services, except for emergency purposes. She also seeks a judgment awarding

Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or the FTSA and $1,500 for each knowing or willful violation. Finally, Plaintiff requests an order certifying this action to be a proper class action pursuant to Fed. R. Civ. P. 23. She requests the Court establish an appropriate class, find Plaintiff is a proper representative of the class, and appoint the law firms and lawyers representing Plaintiff as counsel for the class.

Defendant moves to dismiss the Amended Complaint. (Dkt. 32) First, Defendant argues Plaintiff lacks standing to bring her claims under the FTSA and the TCPA because she has not suffered a concrete injury. Additionally, Defendant argues Plaintiff fails to allege sufficient facts to state a claim under the FTSA. Finally, Defendant argues Plaintiff fails to plead facts to show Defendant is directly or vicariously liable for the alleged calls. For these reasons, Defendant also requests dismissal of the putative class members' claims.

## II.   LEGAL STANDARD

### a.   Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be asserted on facial or factual grounds. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). When considering a facial challenge, a court only considers the allegations in the complaint. Id. However, where a defendant raises a factual attack under Rule 12(b)(1), the district court may consider evidence extrinsic to the complaint, including deposition testimony and affidavits. Id. In a factual attack, the court does not take the plaintiff's

5

allegations as true. Hossfeld v. Am. Fin. Sec. Life Ins. Co., 544 F. Supp. 3d 1323, 1329 (S.D. Fla. June 16, 2021). The plaintiff bears the burden of establishing subject matter jurisdiction. Id.

### b. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must meet an exceedingly low threshold of sufficiency. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560-64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In light of a motion to dismiss, to evaluate the sufficiency of a complaint a court must accept the well pleaded facts as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### III. DISCUSSION

#### a. Lack of Subject Matter Jurisdiction – Standing

Defendant argues the Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) because Plaintiff fails to establish she has standing to pursue her claims. "The Constitution of the United States limits the subject matter jurisdiction of federal courts to 'Cases' and 'Controversies.'" CAMP Legal Defense Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1269 (11th Cir. 2006) (quoting U.S. Const. Art. III, § 2). "Standing" is the litigant's right to have a court decide the merits of the claims for which she seeks relief, and "is an essential . . . part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). As a threshold procedural matter, a litigant must have standing to invoke the jurisdiction of a federal court. See e.g., Davis v. F.E.C., 554 U.S. 724, 732 (2008). The party invoking federal jurisdiction must establish three elements to establish standing. Lujan, 504 U.S. at 560. "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).

To establish the injury in fact element, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. (quoting Lujan, 504 U.S. at 560). "Article III standing requires a concrete injury even in the context of a statutory violation." Id. at 341; Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1268

7

(11th Cir. 2019) ("[P]laintiffs do not automatically satisfy the injury-in-fact requirement whenever a statute grants them the right to sue; they still must allege a concrete harm that is more than a bare procedural violation.") (internal quotations omitted). But a plaintiff "need not allege any additional harm beyond the one Congress has identified." Spokeo, 578 U.S. at 341.

On its face, the Amended Complaint contains sufficient factual allegations to establish Plaintiff suffered an injury in fact. The Eleventh Circuit has held that the "receipt of more than one unwanted telemarketing call made in violation of the provisions enumerated in the TCPA is a concrete injury that meets the minimum requirements of Article III standing." Cordoba, 942 F.3d at 1270. The Circuit has noted an unwanted telemarketing call is "an intrusion into peace and quiet in a realm that is private and personal," analogous to an injury giving rise to liability under the common law tort of intrusion upon seclusion. Drazen v. Pinto, 74 F.4th 1336, 1345 (11th Cir. 2023) (internal quotations omitted) (observing that while injuries under the TCPA may not satisfy common law's elements, "Congress has used its lawmaking powers to recognize a lower quantum of injury necessary to bring a claim under the TCPA"). Plaintiff alleges she received two unwanted telemarketing calls in violation of the TCPA. (Dkt. 18 at ¶ 22–24, 31) She alleges she suffered harm from these unwanted phone calls in the form of violated privacy, annoyance, and harassment, as well as depleted phone battery and network bandwidth. (Id. at ¶ 41) This Court finds Plaintiff alleges sufficient facts in the Amended Complaint to show she suffered a

concrete injury. Therefore, Plaintiff's allegations satisfy the first element of the standing requirement.

Defendant asserts a factual attack on the Amended Complaint and presents extrinsic material to disprove Plaintiff's allegations concerning her injury. First, Defendant asserts its extrinsic material shows Plaintiff engaged in and encouraged conversation with Defendant's representative during the February 8, 2023 phone call. Defendant believes Plaintiff's behavior negates her allegations of annoyance and harassment. Defendant contends Plaintiff's engagement with Defendant's representative during the telemarketing call shows she did not suffer the injuries she alleges. Next, Defendant maintains this extrinsic material shows Plaintiff consented to receive phone calls from Defendant. If Plaintiff consented to receive Defendant's phone calls, Defendant argues, Plaintiff has not suffered an injury because the phone calls were not unwanted. Lastly, Defendant submits its extrinsic material proves Plaintiff only received one phone call from Defendant, not two. Defendant asserts that under Cordoba, a plaintiff must allege she received at least two phone calls to allege an injury. 942 F.3d at 1270. Defendant maintains if Plaintiff only received one phone call, and Plaintiff had previously consented to receiving that phone call, Plaintiff has not suffered an injury. For these reasons, Defendant believes the Amended Complaint should be dismissed for lack of standing.

The Court declines to dismiss the Amended Complaint for lack of standing at this time. Unless extrinsic evidence is attached to or incorporated into the complaint, it is not properly considered at the motion-to-dismiss stage. Defendant is free to

reassert its contentions at the summary judgment stage of the litigation. See <u>Simpson v. The J.G. Wentworth Co.</u>, No: 23-cv-00152, 2024 WL 245992, at *4 (M.D. Fla. Jan. 23, 2024). Later discovery may reveal the call was invited; Defendant may raise the injury-in-fact issue then. <u>Id.</u>

For these reasons, dismissal on standing grounds is inappropriate.

### b. Failure to State a Claim Under the FTSA

Defendant asserts Plaintiff's FTSA claim fails because she has not sufficiently alleged the calls were made using autodialing. Section 501.059(8)(a), Florida Statutes (2023), prohibits making or knowingly allowing an unsolicited telemarketing call to be made "if such call involves an automated system for the selection and dialing of telephone numbers . . . without the prior express written consent of the called party." Defendant argues Plaintiff's factual allegations are insufficient to show the calls were made with an automated dialing system.

Plaintiff alleges sufficient facts to show the calls were made using autodialing at this stage. Taking Plaintiff's factual allegations as true, Defendant used the Ytel dialer, an automated system for the selection and dialing of phone numbers, to place the calls which Plaintiff asserts violated the FTSA. (Dkt. 18 at ¶¶ 27–28) Plaintiff alleges the Ytel dialer only connects a live call center employee to the call if a consumer answers first. (<u>Id.</u> at ¶ 29) Plaintiff alleges she experienced a corresponding delay between the moment she answered the calls and the moment the calls were connected to a live call center employee. (<u>Id.</u> at ¶ 30) These allegations are sufficient to establish an automated

10

system for the selection and dialing of phone numbers was used to place the calls at this stage.

Defendant provides a declaration of its Vendor Relationship Manager to dispute the allegation that Defendant ever used the Ytel dialer or that Defendant used the Ytel dialer during the relevant time periods. (Dkt. 32-2 at ¶ 10) Again, this is extrinsic evidence not appropriately considered at this stage in the proceedings. Thus, the Court will not consider this declaration. Defendant may rely on the statements in the declaration to disprove Plaintiff's allegations at a later stage in these proceedings.

### c. Failure to State a Claim Under the TCPA

Defendant's challenge to the Plaintiff's TCPA claim also fails. First, Defendant argues Plaintiff fails to plead facts to show Defendant is directly or vicariously liable for the alleged calls. An entity is directly liable under the TCPA if it initiates an illegal telemarketing call. Grant v. Regal Auto. Group, Inc., No. 8:19-cv-363, 2020 WL 8254283, at *7 (M.D. Fla. Jul. 30, 2020); Cabrera v. Gov't Emps. Ins. Co., F.Supp.3d 1305, 1316 (S.D. Fla. Sept. 17, 2014) ("[B]ecause GEICO did not make or initiate any of the calls at issue in this action, there can be no direct liability against GEICO under the TCPA."). An entity may be vicariously liable for TCPA violations under federal common law principles of agency. Id. Therefore, a seller may be liable for third-party acts by way of formal agency, apparent authority, or ratification. Id. Defendant argues Plaintiff cannot show Defendant is directly liable under the TCPA because Defendant did not initiate the calls; instead, Defendant's third-party telemarketing vendor initiated them. Moreover, Defendant asserts Plaintiff alleges no facts to show

11

Defendant is vicariously liable for the actions of the third-party vendor. For these reasons, Defendant believes the Court should dismiss Plaintiff's TCPA claim.

Plaintiff's allegations are sufficient to plead a claim for Defendant's direct liability under the TCPA at this stage. Stemke v. Marc Jones Construction, LLC, No. 21-cv-274, 2021 WL 4340424, at *3 (M.D. Fla. Sept. 23, 2021) (declining to dismiss the complaint and noting, "[t]o the extent [defendant] disputes that it directly placed the calls, [defendant] may take discovery on this matter and argue the issue at the dispositive motion stage"). Plaintiff alleges Defendant initiated the telemarketing calls. Specifically, Plaintiff alleges, "The Plaintiff received calls from Suntuity Solar on at least January 31 and February 8, 2023." (Dkt. 18 at ¶ 24) Plaintiff further alleges: "During both calls, Plaintiff was initially provided a generic, fake name, 'solar of America[.]'" (Id. at ¶ 36) "The only real company identified during the calls was Suntuity." (Id. at ¶ 37) "In fact, the February 8, 2023 call resulted in an e-mail from Jessica Rocha, a 'call center agent' of the Defendant." (Id. at ¶ 38) Because the Court takes Plaintiff's allegations as true at this stage in the proceedings, dismissal for failure to state a claim on the grounds Defendant asserts is inappropriate.

Second, Defendant argues Plaintiff fails to state a claim under the TCPA because she does not show she received more than one phone call in a twelve-month period. The TCPA's private right of action provision only grants the right to sue to persons who have received more than one phone call within a 12-month period. 47 U.S.C. § 227(c)(5). Plaintiff alleges she received two phone calls from Defendant: one on January 31, 2023, and one on February 8, 2023. For this reason, Plaintiff meets §

227(c)(5)'s requirements to sustain a private right of action under the TCPA. Consequently, dismissal for this reason is inappropriate.

Finally, Defendant argues that because Plaintiff lacks standing and fails to sufficiently plead her claims, the Court should dismiss the putative class members' claims. This Court finds Plaintiff has alleged she suffered an injury sufficient to meet the standing requirement. Additionally, the Court finds Plaintiff has alleged sufficient facts to state her claims under the FTSA and the TCPA. Therefore, the Court declines to dismiss the putative class members' claims.

### IV.  CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant Suntuity Limited Liability Company's Motion to Dismiss, (Dkt. 32), is **DENIED**.
2. Defendant Suntuity Limited Liability Company is **ORDERED** to file an answer to the Amended Complaint within fourteen (14) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida this 6th day of March 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party