UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBIN TAYLOR,**

    **Plaintiff,**

**v.**                                                               **Case No: 8:23-cv-00694-MSS-AEP**

**SUNTUITY SOLAR LIMITED
LIABILITY COMPANY,**

    **Defendants.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Suntuity Solar Limited Liability Company's Motion to Compel Arbitration, (Dkt. 41), Plaintiff's response in opposition thereto, (Dkt. 45), and the Parties' Joint Status Report. (Dkt. 57) In the Motion, Defendant asserts this action violates an enforceable arbitration provision that requires Plaintiff to arbitrate the claims in the Amended Complaint. Upon consideration of all relevant filings, case law, and being otherwise fully advised, Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

    **I.**     **BACKGROUND**

Plaintiff Robin Taylor initiated this action against Defendant Suntuity on March 28, 2023 for violations of the Telephone Consumer Protection Act (the "TCPA") and the Florida Telephone Solicitation Act (the "FTSA"). (Dkt. 1) Plaintiff filed the Amended Complaint on June 21, 2023. (Dkt. 18) In the Amended Complaint,

Plaintiff alleges her phone number has been listed on the National Do Not Call List since January 9, 2009. (Id. at ¶ 19) Plaintiff uses this phone number for personal purposes; it is not associated with a business. (Id. at ¶ 20–21) Plaintiff alleges she never sought out or solicited information regarding Defendant's services. (Id. at ¶ 22) She also alleges Defendant never obtained her express written consent to call Plaintiff. (Id. at ¶ 64) Nonetheless, Plaintiff alleges Defendant called her on January 31, 2023. (Id. at ¶ 24) Plaintiff informed the caller she was not interested in receiving information about Defendant's services, but she alleges Defendant called her again on February 8, 2023. (Id. at ¶ 31–32)

In its Motion to Compel Arbitration, Defendant maintains Plaintiff submitted an information request to LowerMyBills.com ("LMB") prior to receiving the phone calls. (Dkt. 41 at 4) In support of this assertion, Defendant submits a report from Lead Intelligence, Inc. d/b/a Jornaya ("Jornaya"), a third-party business that records website users' activity. (Id.; Dkt. 41-1) The report includes what purports to be a video recording of a website user submitting Plaintiff's name and contact information to LMB. (Dkt. 41-1) The video shows the website user was directed to a screen with a submission button that stated, "See my results!" (Id.) Below this button was text that stated, "By clicking the button above, you express your understanding and consent electronically via E-sign" to a list of four terms. (Id.) The third listed term stated, "[I]f selected above, you consent to be matched to up to an additional 3 providers about solar services, home improvement services, and home insurance services . . . ." (Dkt.

41-3) The second listed term contained a hyperlink to LMB's "Terms of Use". (Dkt. 41-1) LMB's Terms of Use include an arbitration provision which states,

> You understand and agree that all claims, disputes, or controversies between you and LMB, and its parents, affiliates, subsidiaries or related companies, including but not limited to tort and contract claims, claims based upon any federal, state or local statute, law, order, ordinance or regulation, and the issue of arbitrability, shall be resolved by final and binding arbitration . . . . Any controversy concerning whether a dispute is arbitrable shall be determined by the arbitrator and not by the court.

(Dkt. 41-4 at 2)

Defendant argues the Jornaya report establishes conclusively that Plaintiff clicked the "See my results!" button and thereby consented to LMB's Terms of Use, including the arbitration provision. (Dkt. 41 at 6–7) Defendant asks this Court to compel Plaintiff to arbitrate her claims against Defendant. Significantly, Defendant argues the express terms of the arbitration provision delegate any dispute about the arbitrability of an issue under the provision to an arbitrator. For this reason, Defendant argues this Court may only decide whether a valid agreement to arbitrate exists. If the Court finds one does exist, Defendant argues the question of whether Plaintiff's claims fall within the arbitration provision's scope must be decided by an arbitrator, not this Court.

Before the Court entered an order on Defendant's Motion to Compel Arbitration, Defendant filed its Unopposed Motion to Stay, (Dkt. 55), which requested the Court stay the proceedings pending the outcome of Defendant's Assignment for the Benefit of Creditors. The Court granted this motion. (Dkt. 56) On June 7, 2024,

3

the Parties filed a joint status report, in which Plaintiff requested the Court lift the stay and enter an order on Defendant's Motion to Compel Arbitration. (Dkt. 57)

## II.  LEGAL STANDARDS

The Federal Arbitration Act (the "FAA") entitles litigants in federal court to a stay of any action that is subject to an arbitration agreement. See 9 U.S.C. § 3. To determine whether a dispute between parties is covered by the terms of an arbitration agreement, a court applies the federal substantive law of arbitrability. Lawson v. Life of the South Ins. Co., 648 F.3d 1166, 1170 (11th Cir. 2011). The FAA reflects a federal policy favoring arbitration. Jones v. Waffle House, Inc., 866 F.3d 1257, 1263–64 (11th Cir. 2017). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Id. at 1264. (internal quotations omitted). Nonetheless, arbitration is a matter of contract, and "the FAA's strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate." Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004).

## III.  DISCUSSION

Defendant asserts in the Motion to Compel Arbitration that it is entitled to the arbitration provision's protections. LMB's Terms of Use contain no provision choosing the law of a particular state to govern the agreement. Defendant argues the Court should apply Florida law when resolving its motion under the *lex loci contractus* theory. See Colkitt v. Oncology Servs. Int'l, Inc., No. 19-cv-2302, 2019 WL 8273661, at *3 (M.D. Fla. Dec. 18, 2019) (finding a contract is governed by the law of the state in which the contract is made, *i.e.*, where it was executed). There is a dispute as to

4

whether a contract exists at all. However, since Plaintiff does not resist the application of Florida law to the issues raised by Defendant's motion, this Court will apply Florida law to determine whether Defendant may compel arbitration of Plaintiff's claims.

### a. Delegation of Gateway Issues

Defendant argues that the arbitration provision in LMB's Terms of Use delegates the question of arbitrability to the arbitrator, not the Court. The FAA allows parties to contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions. Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 527 (2019). Provisions that delegate gateway issues of arbitrability are known as delegation provisions. Courts should not assume that the parties agreed to a delegation provision unless there is clear and unmistakable evidence that they did so. Pointe on Westshore, LLC v. Certain Underwriters of Lloyd's London, 670 F. Supp. 3d 1342, 1347 (M.D. Fla. 2023) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995)).

The arbitration provision here delegates disputes about the scope of the arbitration provision to an arbitrator. The arbitration provision in LMB's Terms of Use states, "Any controversy concerning whether a dispute is arbitrable shall be determined by the arbitrator and not by the court." (Dkt. 41-4 at 2) See, e.g., In re Checking Acct. Overdraft Litig. MDL No. 2036, 674 F.3d 1252, 1255–56 (11th Cir. 2012) (finding a delegation provision where the arbitration agreement stated that "[a]ny issue regarding whether a particular dispute or controversy is ... subject to arbitration will be decided by the arbitrator"); Attix v. Carrington Mortg. Servs., LLC,

5

35 F.4th 1284, 1296–97 (11th Cir. 2022) (finding a delegation provision where the arbitration agreement stated that "[t]he arbitrator shall . . . decide what is subject to arbitration"). LMB's Terms of Use uses clear and unmistakable language to delegate disputes concerning whether an issue is arbitrable to an arbitrator.

Before this matter may be referred to an arbitrator to decide whether it is arbitrable, however, this Court must find that a valid agreement to arbitrate exists. See Bell v. Royal Seas Cruises, Inc., No. 19-CV-60752, 2020 WL 5742189, at *4 (S.D. Fla. May 13, 2020); Bazemore v. Jefferson Capital Sys., LLC, 827 F.3d 1325, 1333 (11th Cir. 2016) (noting that absent a valid, enforceable agreement to arbitrate, a court cannot compel parties to participate in arbitration).

b. Existence of a Valid Agreement to Arbitrate

The Court finds a genuine dispute of material fact exists as to whether Plaintiff assented to LMB's Terms of Use. A district court may conclude as a matter of law that parties entered into an arbitration agreement only if there is no genuine dispute as to any material fact concerning the formation of the agreement. Bazemore, 827 F.3d at 1333. Defendant's Motion to Compel Arbitration assumes Plaintiff visited LMB's website, entered her information, and clicked the "See my results!" button, thereby assenting to LMB's Terms of Use and the arbitration provision contained therein. But Defendant's evidence is insufficient to carry its burden of showing the Parties agreed to arbitrate. See Hill v. Quicken Loans, Inc., 2020 WL 5358394, at *5–7 (C.D. Cal. Aug. 5, 2020). As evidence of Plaintiff's assent, Defendant provides the Jornaya report

and the video that purportedly shows Plaintiff navigating LMB's website. The video, however, does not show dispositively that the "See my results!" button was clicked.

Plaintiff has put forth evidence raising a genuine dispute of material fact as to whether the Parties agreed to arbitrate. For example, Plaintiff disputes in an affidavit that she ever visited LMB's website; therefore, she disputes she ever assented to LMB's Terms of Use. (Dkt. 36-1 at ¶ 19) A genuine dispute of material fact exists as to whether Plaintiff visited LMB's website and clicked the "See my results!" button. This dispute precludes this Court from finding a valid agreement to arbitrate exists as a matter of law. Accordingly, Defendant's motion is due to be denied without prejudice, and the Court will hold an evidentiary hearing to resolve the question.

## IV. CONCLUSION

Upon consideration of the foregoing, the Court hereby **ORDERS**:

1. Plaintiff's request to lift the stay embedded in the Parties' Joint Status Report, (Dkt. 57), is **GRANTED**. The Clerk is directed to **LIFT THE STAY** and **REOPEN** this case.

2. Defendant Suntuity Limited Liability Company's Motion to Compel Arbitration, (Dkt. 41), is hereby **DENIED WITHOUT PREJUDICE**.

3. The evidentiary hearing is hereby set for Thursday, September 19, 2024 at 9:30 a.m. in Courtroom 7A.

**DONE** and **ORDERED** in Tampa, Florida this 24th day of July 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party